# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THEODORE A. EMETOH,**<br>Plaintiff**,**<br>vs.<br>**FEDEX FREIGHT, INC.,**<br>Defendant**.** | CASE NO. 17-cv-07272-YGR<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 31 |

Plaintiff Emetoh brings this putative class and representative action against defendant FedEx, Freight, Inc. ("FedEx"), as well as Does 1-50, for alleged violations of the Labor Code and Business Professions Code. (Dkt. No. 18, Ex. A ("FAC") ¶ 1.) Now before the Court is plaintiff's motion for leave to file a second amended complaint ("SAC").[1] (Dkt. No. 31 ("Motion").)

## I. BACKGROUND

The following facts are relevant to the instant motion:

Emetoh's first amended, and operative, complaint alleges eight causes of action against defendant: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly and overtime wages; (4) failure to indemnify; (5) failure to provide accurate written wage statements; (6) failure to pay all final wages in a timely manner; (7) unfair competition; and (8) civil penalties. (Motion at 2; *see also* FAC ¶ 1.) Plaintiff's proposed SAC includes an additional theory to support its third claim for relief, which addresses defendant's failure to pay hourly and overtime wages. (Dkt. No. 31-1, Ex. B ("Redline SAC") ¶ 92.) Specifically, plaintiff now alleges

---

[1] The Court has reviewed the pleadings as well as the papers submitted by the parties in connection with plaintiff's motion for leave to file a second amended complaint. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for August 28, 2018.

that "[d]efendants maintained a policy or practice of not paying hourly wages to Truck Driver Class members for all time worked, including but not limited to, minimum wage and/or overtime hours at statutory and/or agreed rates by suffering or permitting them to work during on-duty meal periods." (*Id.*) Plaintiff's proposed SAC also provides supplemental facts regarding on-duty meal periods. (*See id.* ¶¶ 22-27.)

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides the court with the discretion to allow a party to amend its pleading at any time and notes that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, the futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant's proffered reason for opposing the filing of the proposed SAC centers on the argument that the request should be denied because the amendment is futile, or said differently, that there is no legal basis for the claim. (*See* Dkt. No. 33 ("Opp.") at 1; *see also* Motion at 3.) Defendant does not identify any law to support its argument that plaintiff's SAC is futile. (Opp. at 1-4.)[2] Rather, defendant argues that no facts exist to support plaintiff's claim in this context. (*See* Opp. at 3-4.)

The proper test for determining legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading. *See Miller*, 845 F.2d at 214. Pursuant to Federal Rule of Civil Procedure 8(a)(2), the purpose of a complaint is "to give the

---

[2] Defendant cites to a string of cases for the proposition that "[a] proposed amendment is futile if no set of facts can be proven under the amended pleading that would constitute a valid and sufficient claim." (Opp at 1-2 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).) However, this standard was overruled by the Supreme Court in *Ashcroft v. Iqbal*. 556 U.S. 662 (2009) (overruling the "no set of facts" pleading standard of *Conley v. Gibson*, 355 U.S. 41, 78); *see also Miller*, 845 F.2d at 214 (noting that the proper test for determining legal sufficiency of an amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)). Moreover, defendant does not cite to any law to support its argument that the proposed SAC "fails to meet Rule 12(b)(6) in several ways." (*See* Opp. at 3-4.)

2

defendant *fair notice* of what the claim is and the grounds upon which it rests[.]" *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007) (citing *Conley*, 355 U.S. at 47)) (emphasis supplied). Here the proposed SAC seeks to allege an alternate theory to the third cause of action, namely "as an alternative theory to Plaintiff's allegations of missed, late, short, or interrupted meal periods set forth above, the practices, procedures, requirements, and/or policies of Defendants imposed on-duty meal periods upon Plaintiff and the putative class, an arrangement that Plaintiff did not agree to [sic] and, to Plaintiff's knowledge, no member of the putative class agreed to [sic]." (Redline SAC ¶ 27.) As to the third cause of action, plaintiff alleges that "at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not paying hourly wages to Truck Driver Class members for all time worked, including but not limited to, minimum wage and/or overtime hours at statutory and/or agreed rates by suffering or permitting them to work during on-duty meal periods." (*Id.* ¶ 92.) The additional allegations in the proposed SAC provide sufficient notice as to the nature and basis of plaintiff's claims by providing an alternative theory, not previously pled, in support of plaintiff's third claim for relief.

The question of whether this alternative theory will ultimately prove correct is premature. The issues raised by defendant requires a factual record and therefore are more properly addressed at class certification or summary judgment. Accordingly, they are not appropriate for determination on the pleadings pursuant to a Rule 12(b)(6) analysis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissal based on a judge's disbelief of a complaint's factual allegations.") Moreover, there is no prejudice to any of the parties in granting the motion for leave to amend. No trial date has been set. Plaintiff has propounded an initial set of discovery, but defendant has not propounded any discovery at all. No depositions have been taken, and there is no discovery deadline in this case. Conversely, should the Court deny plaintiff's motion for leave to amend, defendant would later argue that the Court had ruled dispositive on the merits of the theory, which it obviously has not. Given the timing of the motion, it is more prudent for the litigation process to test the claim that "[d]efendant unlawfully required and directed Plaintiff and the putative class to always have their personal cellphones with them at all times during their shifts and were required to take any and all calls that

came in even if it occurred during meal periods." (Motion at 1.)

The Court is likewise unpersuaded by defendant's argument that plaintiff knew or should have known of the additional facts in the proposed SAC at the time he filed the original and first amended complaint. (*See* Opp. at 4-5.) Defendant fails to point to any facts to show that it would suffer undue prejudice. (*See id.*) *C.f. Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (denying leave to amend where defendant would suffer prejudice because the parties had engaged in "voluminous and protected discovery" and the trial was only two months away).

### III. CONCLUSION

Accordingly, the Court **GRANTS** plaintiff's motion for leave to file a second amended complaint. Plaintiff must file the aforementioned complaint no later than **Friday, August 17, 2018**. A response thereto shall be filed by August 27, 2018.

This Order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated: August 16, 2018

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE