Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
    scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:     (310) 888-7771
Facsimile:     (310) 888-0109

Attorneys for Plaintiff THEODORE A. EMETOH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE A. EMETOH, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX FREIGHT, INC., an Arkansas corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-07272-YGR<br><br><u>CLASS ACTION</u><br><br>**SECOND AMENDED COMPLAINT**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4. Failure to Indemnify (Lab. Code § 2802);<br>5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)<br>8. Civil Penalties (Lab. Code §§ 2698 *et seq.*)<br><br>**<u>JURY TRIAL DEMANDED</u>**<br><br>Filed:       November 14, 2017<br>Removed:   December 22, 2017 |

1
2

TABLE OF CONTENTS

3    I.    INTRODUCTION ............................................................................................................... 1

4    II.   JURISDICTON AND VENUE ......................................................................................... 1

5    III.  PARTIES ........................................................................................................................... 1

6    IV.   GENERAL ALLEGATIONS COMMON TO ALL CLAIMS ...................................... 2

7          A.   Missed Meal Periods ............................................................................................. 3

8          B.   Meal Periods and Off-the-Clock Work ................................................................ 3

9          C.   On-Duty Meal Periods .......................................................................................... 4

10         D.   Missed Rest Periods .............................................................................................. 5

11         E.   Expense Reimbursement ....................................................................................... 5

12         F.   Wage Statements .................................................................................................. 5

13   V.    CLASS ALLEGATIONS .................................................................................................. 6

14   FIRST CLAIM FOR RELIEF .................................................................................................... 9

15   SECOND CLAIM FOR RELIEF ............................................................................................. 11

16   THIRD CLAIM FOR RELIEF ................................................................................................. 12

17   FOURTH CLAIM FOR RELIEF ............................................................................................. 15

18   FIFTH CLAIM FOR RELIEF .................................................................................................. 16

19   SIXTH CLAIM FOR RELIEF .................................................................................................. 17

20   SEVENTH CLAIM FOR RELIEF ........................................................................................... 19

21   EIGHTH CLAIM FOR RELIEF ............................................................................................... 21

22   PRAYER FOR RELIEF ............................................................................................................ 23

23   DEMAND FOR JURY TRIAL ................................................................................................. 24

24
25
26
27
28

COMES NOW, Plaintiff THEODORE A. EMETOH ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## I.    INTRODUCTION

1.    Plaintiff brings this class and representative action against Defendant FEDEX FREIGHT, INC., an Arkansas corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

> (a)    failed to provide him and all other similarly situated individuals with meal periods;
>
> (b)    failed to provide them with rest periods;
>
> (c)    failed to pay them premium wages for missed meal and/or rest periods;
>
> (d)    failed to pay them at least minimum wage for all hours worked;
>
> (e)    failed to pay them for all vested vacation pay and/or floating holidays;
>
> (f)    failed to reimburse them for all necessary business expenses;
>
> (g)    failed to provide them with accurate written wage statements; and
>
> (h)    failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

## II.    JURISDICTON AND VENUE

2.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

3.    This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

## III.    PARTIES

4.    Plaintiff THEODORE A. EMETOH is, and at all relevant times mentioned herein, an individual residing in the State of California.

5.    Plaintiff is informed and believes, and thereupon alleges that Defendant FEDEX FREIGHT, INC. is, and at all relevant times mentioned herein, an Arkansas corporation doing business in the State of California.

6.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

7.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

8.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## IV.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

9.    Plaintiff was hired by Defendants as a non-exempt, hourly employee from approximately February 2006 through July 14, 2017.  Plaintiff worked as a long-haul truck driver transporting goods in interstate commerce.

10.    Plaintiff's job duties fell within the definition of being in the "Transportation Industry" as defined in Section 2 of the Industrial Welfare Commission Wage Order 9-2001 ("Wage Order"). Accordingly, Plaintiff was entitled to the protections of the Labor Code and the applicable Wage Order.

11.    Plaintiff and the putative class regularly worked through their meal periods and/or took his meal periods after the fifth hour as he was driving long distances and needed to arrive at his designated

1  drop off location by a certain time.

2      12.      Even though Plaintiff and the putative class did not take their meal periods and/or took

3  them after the fifth hour, they would be required to sign a "Kronos Edit Form" on those days each time by

4  their manager deducting thirty minutes for a purported meal period that they did not take.

5      13.      Defendants knew or should have known that Plaintiff and the putative class did not take

6  their meal periods and/or took them after the fifth hour and so should not have required Plaintiff and the

7  putative class to sign a "Kronos Edit Form" purporting to authorize the deduction of thirty minutes as a

8  meal period when they did not take their meal periods and/or took them after the fifth hour.

9      **A.      <u>Missed Meal Periods</u>**

10      14.      Plaintiff and the putative class members were not provided with meal periods of at least

11  thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each

12  meal period as part of each work shift; (2) chronically understaffing each work shift with not enough

13  workers; (3) imposing so much work on each employee such that it made it unlikely that an employee

14  would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written

15  meal and rest period policy that encouraged employees to take their meal and rest periods.

16      15.      As a result of Defendants' policy, Plaintiff and the putative class were regularly not

17  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due

18  to complying with Defendants' productivity requirements that required Plaintiff and the putative class to

19  work through their meal periods in order to complete their assignments on time.

20      **B.      <u>Meal Periods and Off-the-Clock Work</u>**

21      16.      Plaintiff and the putative class were not paid all wages earned as Defendants directed,

22  permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

23      17.      When Plaintiff and the putative class were unable to take their meal periods and/or took

24  them after the fifth hour, they were required to sign a "Kronos Edit Form" authorizing the deduction of

25  thirty minutes from their daily hours worked for purported meal periods, even though Plaintiff and the

26  putative class were unable to take their meal periods and/or took them after the fifth hour of work.

27      18.      As a result of performing off-the-clock work that was directed, permitted or otherwise

28  encouraged by Defendants, Plaintiff and the putative class should have been paid for this time.  Instead,

Defendants only paid Plaintiff and the putative class based on the time they were "on the clock" and did not pay Plaintiff and the putative class for the time that was deducted based on the Kronos Edit Forms they were required to sign.

19.     Defendants knew or should have known that Plaintiff and the putative class did not take their meal periods and/or took them after the fifth hour and failed to pay Plaintiff and the putative class for these hours.

20.     Defendants were aware of this practice and directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

21.     As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

**C.     On-Duty Meal Periods**

22.     Plaintiff and the putative class were directed by Defendants to always have their cellphones with them during each shift.  Plaintiff is informed and believes that the purpose for this requirement was to permit Defendants to provide instructions to him at any time Defendants chose, which was consistent with the fact that Plaintiff and putative class members were instructed that they were expected to take any calls that came in from their supervisors at any time.

23.     Even if they were on a meal period, Defendants even required and directed Plaintiff and the putative class to have their cellphones with them and required Plaintiff and the putative class to take calls that came in during meal periods.

24.     During his shifts, there were many occasions when Plaintiff took calls on his cellphone while he was on a meal period.

25.     As a result of Defendants' policies and practices, Plaintiff and the putative class were not provided with at least thirty minutes, uninterrupted meal periods during which they were relieved of all duty as they were (1) required to have their cellphones with them at all times; and (2) required to take any calls that came in.

26.     As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for the time spent where they were not relieved of all duty and/or took calls while they were on a meal period.

27.     Therefore, as an alternative theory of liability to Plaintiff's allegations of missed, late, short, or interrupted meal periods set forth above, the practices, procedures, requirements, and/or policies of Defendants imposed on-duty meal periods upon Plaintiff and the putative class, an arrangement that Plaintiff did not agree to and, to Plaintiff's knowledge, no member of the putative class agreed to.

**D.     Missed Rest Periods**

28.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods. As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**E.     Expense Reimbursement**

29.     Plaintiff and the putative class members were required to utilize their own personal cell phones to take calls during the course of business from dispatch in order to notify them of their daily assignments, changes to their routes and/or schedules, and other necessary information for them to complete their jobs.

30.     Plaintiff and the putative class members were not reimbursed for business expenses incurred in the use of their personal cell phones.

31.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

**F.     Wage Statements**

32.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

33.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: (1) all hours worked, including overtime, were not included; and (2) any and all meal and/or rest period premium wages were not paid.

34.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

35.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: (1) all hours worked, including overtime, were not included; and (2) any and all meal and/or rest period premium wages were not paid.

36.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

## V.     CLASS ALLEGATIONS

37.     This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

38.     **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

39.     **Truck Driver Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**; excluding claims released by California-based employees who worked for Defendants as Road Drivers or other drivers paid by the hour to the extent they performed road runs paid on a piece rate basis, in California on or after January 28, 2012 through December 31, 2015.

**Truck Driver Meal Period Sub-Class**:  All **Trucker Driver Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Truck Driver Rest Period Sub-Class**:  All **Truck Driver Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time**

Period.

**Truck Driver Wage Statement Penalties Sub-Class**:  All **Truck Driver Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Truck Driver Expense Reimbursement Sub-Class**:  All **Truck Driver Class** members employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

**Truck Driver Waiting Time Penalties Sub-Class**:  All **Truck Driver Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class**:  All exempt and non-exempt employees who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Truck Driver Class** members employed by Defendants in California during the **Relevant Time Period**.

40.    **Reservation of Rights**:  Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

41.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

42.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These common questions include, but are not limited to:

(a)    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

(b)    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

(c)    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

(d)    Whether Defendants failed to pay minimum and/or overtime wages to class

members as a result of policies that fail to provide meal periods in accordance with California law;

(e)     Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

(f)     Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

(g)     Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

(h)     Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

(i)     Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

43.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims.  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

44.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

45.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

46.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently

prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**FIRST CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Truck Driver Meal Period Sub-Class)**

47.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

48.     At all relevant times, Plaintiff and the **Truck Driver Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

49.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

50.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

51.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

52.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

violate the applicable Wage Order.

53.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

54.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Truck Driver Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

55.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Truck Driver Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

56.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Truck Driver Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

57.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour for a meal period from the paychecks of **Truck Driver Meal Period Sub-Class** members on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

58.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Truck Driver Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

59.    At all relevant times, Defendants failed to pay Plaintiff and the **Truck Driver Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the

1    employees' regular rates of pay when required meal periods were not provided.

2        60.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and

3    the **Truck Driver Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest

4    thereon, and costs of suit.

5        61.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

6    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the

7    **Truck Driver Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

8                    ## SECOND CLAIM FOR RELIEF

9                 ### FAILURE TO PROVIDE REST PERIODS

10                 **(Lab. Code §§ 204, 223, 226.7 and 1198)**

11              **(Plaintiff and Truck Driver Rest Period Sub-Class)**

12       62.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

13       63.    At all relevant times, Plaintiff and the **Truck Driver Rest Period Sub-Class** members

14   have been non-exempt employees of Defendants entitled to the full rest period protections of both the

15   Labor Code and the applicable Wage Order.

16       64.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers

17   to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net

18   rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work

19   period insofar as practicable.

20       65.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

21   employers from requiring employees to work during required rest periods and require employers to pay

22   non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each

23   workday that the employee is not provided with the required rest period(s).

24       66.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code

25   section 200.

26       67.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

27   violate the Wage Order.

28       68.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

Defendants maintained a policy or practice of not providing members of the **Truck Driver Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

69.     At all relevant times, Defendants failed to pay Plaintiff and the **Truck Driver Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

70.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Truck Driver Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

71.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Truck Driver Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**THIRD CLAIM FOR RELIEF**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Truck Driver Class)**

72.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

73.     At all relevant times, Plaintiff and **Truck Driver Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

74.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

76.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

77.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages

in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

78.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

79.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

80.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

81.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

82.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

83.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

84.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

85.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Truck Driver Class** members with respect to working conditions and compensation arrangements.

86.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Truck Driver Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

87.    At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

88.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from **Truck Driver Class** members' timecard on every workday for a meal period, regardless of whether or not **Truck Driver Class** members were provided with a meal period.

89.    As a result of Defendants' policy or practice of automatically deducting one-half hour from employees' timecards for every workday for a meal period, Plaintiff and **Truck Driver Class** members were required to perform off-the-clock work that Defendants either knew or should have known they were working.

90.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all overtime hours worked.

91.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Truck Driver Class** members for all time worked, including but not limited to, minimum wage and/or overtime hours at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

92.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Truck Driver Class** members for all time worked, including but not limited to, minimum wage and/or overtime hours at statutory and/or agreed rates by suffering or permitting them to work during on-duty meal periods.

93.    During the relevant time period, Defendants failed to pay Plaintiff and **Truck Driver Class** members all earned wages every pay period at the correct rates, including minimum wage and/or

overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Truck Driver Class** members to perform off-the-clock work.

94.     As a result of Defendants' unlawful conduct, Plaintiff and **Truck Driver Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

95.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Truck Driver Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

96.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Truck Driver Class** members, seek to recover reasonable attorneys' fees.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiff and Truck Driver Expense Reimbursement Sub-Class)**

97.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

98.     Labor Code section 2802(a) states:

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

99.     At all relevant times during the applicable limitations period, Plaintiff and the **Truck Driver Expense Reimbursement Sub-Class** members incurred necessary business related expenses and costs, including but not limited to, regular use of personal cellphone during the course of business.

100.     Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff and **Truck Driver Expense Reimbursement Sub-Class** members for all necessary expenses incurred in the discharge of their duties.

101.     Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Truck Driver Expense Reimbursement Sub-Class** members

for all necessary business expenses incurred in the discharge of their duties.

102.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Truck Driver Expense Reimbursement Sub-Class** members for all necessary business expenses.

103.    Accordingly, Plaintiff and **Truck Driver Expense Reimbursement Sub-Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

104.    Plaintiff, on behalf of himself, and **Truck Driver Expense Reimbursement Sub-Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Truck Driver Wage Statement Penalties Sub-Class)

105.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

106.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a

computer-generated record that accurately shows all of the information required by this subdivision."

107.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Truck Driver Wage Statement Penalties Sub-Class** members with written wage statements as described above.

108.    Plaintiff is informed and believes that Defendants' failure to provide her and **Truck Driver Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

109.    Plaintiff and **Truck Driver Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

110.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Truck Driver Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff, Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class)

111.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

112. At all relevant times, Plaintiff and **Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

113. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

114. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

115. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

116. During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

117. Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members all of their final wages in accordance with the Labor Code.

118. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

119. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

120. Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of

thirty days, and interest thereon.

121.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Truck Driver Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members, seek awards of reasonable attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

122.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

123.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

124.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

125.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

126.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD and FOURTH Claims for Relief herein.

127.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

128.    Defendants have or may have acquired money by means of unfair competition.

129.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

130.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt

employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, failing to provide rest periods of at least ten minutes to non-exempt employees for every four hours worked or major fraction thereof, failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses incurred in the discharge of their duties to Defendants.

131.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

132.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*  Business and Professions Code sections 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

133.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

134.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

135.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

136.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

137.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining

Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

138.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

139.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

<u>**EIGHTH CLAIM FOR RELIEF**</u>

**CIVIL PENALTIES**

**(Lab. Code §§ 2698 *et seq*.)**

140.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

141.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

142.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action.

143.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

144.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

145.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

(a)    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198

and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

(b)     For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

(c)     For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

(d)     For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

(e)     For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

(f)     For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

(g)     For violations of Labor Code section 1197, $100 for each aggrieved employee for

each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

(h)    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

1.  An order that the action be certified as a class action;

2.  An order that Plaintiff be appointed class representative;

3.  An order that counsel for Plaintiff be appointed class counsel;

4.  Unpaid wages;

5.  Actual damages;

6.  Liquidated damages;

7.  Restitution;

8.  Declaratory relief;

9.  Pre-judgment interest;

10. Statutory penalties;

11. Civil penalties;

12. Costs of suit;

13. Reasonable attorneys' fees; and

14. Such other relief as the Court deems just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 24, 2018,                    **SETAREH LAW GROUP**

By: _____

Shaun Setareh
H. Scott Leviant

Attorneys for Plaintiff