1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5

6 **THEODORE E. EMETOH, ON BEHALF OF**          Case No. 17-CV-7272-YGR
**HIMSELF AND, ALL OTHERS SIMILARLY**
7 **SITUATED,**                                 **ORDER GRANTING MOTION FOR FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT;**
8          Plaintiff,                           **GRANTING IN PART MOTION FOR ATTORNEYS**
**FEES, COSTS, AND SERVICE AWARDS;**
9     vs.                                       **JUDGMENT**

10 **FEDEX FREIGHT, INC,**                       Dkt. No. 80

11          Defendant.

12

13          The Court previously granted a motion for preliminary approval of the parties' Class Action

14 Settlement in this matter on February 14, 2020 ("Preliminary Approval Order").  (Dkt. No. 77.)  As

15 directed by the Court's preliminary approval order, and subsequent extension, on August 25, 2020,

16 filed their unopposed motion for final settlement approval.  (Dkt. No. 80.)  The Court held a hearing

17 on September 29, 2020.

18          Having considered the motion briefing, the terms of the Settlement Agreement, the

19 objections and response thereto, the arguments of counsel, and the other matters on file in this

20 action, the Court **GRANTS** the motion for final approval.  The Court finds the settlement fair,

21 adequate, and reasonable.  The provisional appointments of the class representative(s) and class

22 counsel are confirmed.

23          The Motion for Attorneys' Fees, Costs, and Incentive Awards is **GRANTED IN PART**.  The

24 Court **ORDERS** that FedEx Freight, Inc. shall pay a settlement amount of $3,250,000.00, which

25 amount includes $812,500.00 in attorneys' fees and $14,269.58 in litigation costs to class counsel,

26 and a $7,500.00 incentive award to the class representative and named plaintiff, Theodore E.

27 Emetoh.

28

I.      **BACKGROUND**

A.      **Procedural History**

Plaintiff filed the putative class action complaint on December 21, 2017 against defendant FedEx Freight, Inc. alleging, in summary, that defendant failed to pay him and the class members for all hours worked and at the correct rate of pay; provide them with compliant meal periods and rest breaks; reimburse them for all necessary expenses; provide them with compliant wage statements; and pay their final wages on time.  Plaintiff also alleged that defendant violated statutes subjecting them to liability under the California Unfair Competition Law ("UCL"); and violated the California Labor Code Private Attorneys General Act of 2004, as amended ("PAGA") (Lab. Code §§ 2698 et seq.).  Defendant denied plaintiff's allegations in their entirety, denied any liability, and further denied that, for any purpose, other than settling, the action is appropriate for class action treatment.

The parties reached a settlement prior to class certification with the assistance of an experienced mediators Hon. Stephen Sundvold and Tripper Ortman.  The Settlement Agreement, attached hereto as **Exhibit A**, the terms of which are incorporated herein unless specially stated otherwise, defines the class as:

> [A]ll persons who have worked for Defendant as non-exempt, hourly-paid Road Drivers, City Drivers, or Driver Apprentices in California at any time during the Class Period.

(Agreement ¶ 1.4.)  The Class Period "means from November 14, 2013 through the date of Preliminary Approval (not earlier than December 1, 2019), except that for Road Drivers, the settlement class period for all but the cell phone reimbursement claim begins on January 1, 2016" ("the Settlement Class").  (Agreement ¶ 1.6.)

In its Preliminary Approval Order, the Court conditionally certified the Settlement Class and provisionally appointed Shaun Setareh and William M. Pao of the Setareh Law Group as Class Counsel and plaintiff Theodore A. Emetoh as class representative.

B.      **Terms of the Settlement Agreement**

Under the terms of the Settlement Agreement, defendant will pay $3,250,000 into a gross common settlement fund, without admitting liability.  This amount includes attorneys' fees and

United States District Court
Northern District of California

costs, the cost of class notice and settlement administration, the class representative's service award, and the PAGA payment.  The PAGA Payment was defined as:

> …One Hundred and Twelve Thousand Five Hundred U. S. Dollars ($112, 500. 00) of the Gross Settlement Amount to be allocated to claims under the Private Attorneys General Act of 2004, which includes Eighty Four Thousand Three Hundred Seventy Five U. S. Dollars ($84, 375. 00) being awarded to the State of California, subject to Court approval, and Twenty Eight Thousand One Hundred Twenty Five U. S. Dollars ($28, 125. 00) being awarded to Qualified Claimants, divided pro-rata based upon the Qualified Claimants' number of Workweeks during the PAGA Period of November 9, 2016 through the date of Preliminary Approval, by including that sum in the Net Settlement Amount, subject to Court approval. The Parties acknowledge and agree that for purposes of PAGA and the Final Judgment, all Class Members were allegedly aggrieved in the same manner pursuant to Cal. Lab. Code 2698 et seq. in that each Class Member allegedly suffered at least one violation for which PAGA provides an available remedy. In light of the binding nature of a PAGA judgment on non-party employees pursuant to *Arias v. Superior Court of San Joaquin County (Dairy)*, 46 Cal.4th 969 (2009), and *Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413 at *3 (C.D. Cal. Jan. 31, 201 1), individuals otherwise meeting the definition of Class Members who exclude themselves from the Class pursuant to Section 6. 5. 3 and were employed during the PAGA Period shall receive a payment for the amount of each such individual's estimated share of the PAGA Payment that was included by the Settlement Administrator in calculating the Claim Amount.

(Agreement ¶ 1.25.)  However, the fund is exclusive of the employer's share of payroll taxes.

### 1.    Attorneys' Fees and Costs

Under the Settlement Agreement, Plaintiff's counsel agreed to seek no more than 33 1/3 percent of the Gross Settlement Award or $1,082,250 in attorneys' fees and no more than $20,000 in litigation costs.  The common settlement fund also includes a provision for $35,000 in settlement administration costs; and up to $7,500 to be paid to the class representative as an enhancement payment in exchange for a general release of all claims against defendant.

### 2.    Class Relief

The Settlement Agreement anticipated 3,020 class members each receiving a pro rata share of the settlement.

### 3.    Remainder

The Settlement Agreement provides that any residue funds will be distributed to the State of California pursuant to California's Unclaimed Property Law, Code of Civil Proc. (C.C.P.) § 1500, et

seq. and specifically as unclaimed intangible property and/or wages within the meaning of C.C.P. §

1513 (4)& (7) and subject to distribution pursuant to Court order pursuant to C.C.P. §1519. 5.

### 4. Class Member Release

In exchange for the settlement awards, class members will release defendant claims arising

from the operative complaint.  (Settlement Agreement at ¶ 6.12.)

### C. Class Notice and Claims Administration

Pursuant to the Settlement Agreement, the Court appointed Simpluis to administer the fund

and to contact the class members in the manner set forth therein and including the attachments

contained within the Preliminary Approval Order.

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a class only "after a hearing and

on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class

certification. Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not

address whether the settlement is ideal or the best outcome, but only whether the settlement is fair,

free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v.*

*Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).  The *Hanlon* court identified the following

factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk,

expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action

status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery

completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence

of a government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at

1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

2004).

Settlements that occur before formal class certification also "require a higher standard of

fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such

settlements, in addition to considering the above factors, a court also must ensure that "the

settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset*

United States District Court
Northern District of California

1    *Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

2    **B.    Analysis**

3    *1.    The Settlement Class Meets the Prerequisites for Certification*

4    The Court finds that the prerequisites of Rule 23 have been satisfied purposes of certification

5    of the class members proffered through this settlement ("Settlement Class").

6    With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 2,952

7    members, making it so numerous that joinder of all members is impracticable.

8    Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though

9    all questions of fact and law need not be in common.  *Hanlon*, 150 F.3d at 1026.  The focus of this

10   action is common to all class members, namely whether FedEx failed to pay all wages owed and

11   failed to reimburse business expenses to certain "California Road Drivers, City Drivers, or Driver

12   Apprentices," including pay for missed meal and rest periods and pay for other work time as well as

13   reimbursement for use of personal cellular phones.

14   Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the

15   representative parties are typical of the claims or defenses of the class."  Plaintiff and members of

16   the Settlement Class were all California Road Drivers, City Drivers, or Driver Apprentices during

17   the relevant time period making plaintiff's claims typical of class members.

18   With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel

19   have fairly and adequately represented the interests of the Class.  No conflicts of interest appear as

20   between plaintiff and the members of the Settlement Class.  Class Counsel have demonstrated that

21   they are skilled in this area of the law and therefore adequate to represent the Settlement Class as

22   well.

23   The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and

24   "a class action is superior to other available methods for fairly and efficiently adjudicating" the

25   claims here.

26   *2.    Adequacy of Notice and Plan of Allocation*

27   A court must "direct notice [of a proposed class settlement] in a reasonable manner to all

28   class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1). "The class must be

United States District Court
Northern District of California

5

notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court approved the parties' proposed notice procedures when it granted preliminary approval. Pursuant to those procedures, the Class Administrator provided class members with a Class Notice Packet mailed to all class members based upon last-known address provided by defendants. The packet included the long-form notice and a data dispute form which provided the class member with a rough calculation of their estimated portion of the settlement based on the business records of the defendant and the option of disputing the same.

The class is now estimated to have 2,980 members. Of these class members, twenty-four packets were returned as undeliverable and reasonable follow-up efforts were not successful. Moreover, four timely completed opt out forms, for a rate of 0.13 percent and an adjusted class member size of 2,976.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

After deductions from the common fund for fees, costs, and service enhancement awards, approximately $2,290,625 will remain to be distributed among the participating class members. Class members will be paid according to a pro rata share depending on the length of service and the size of the class. According to the declaration of the claims administrator, the average estimated

payment is approximately $683.76 and the highest payment estimated at $1,368.83. The Agreement provides that no amount will revert to defendant.

### 3. The Settlement Is Fair and Reasonable

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable.

Liability was contested and the settlement provides class members with a guaranteed and not insubstantial monetary award. There is risk that the evidence could have diminish the value of the claims. Defendant strenuously contested the allegations and would have persisted in their position to prove their claimed policy of only paying once employees report any unpaid compensable time. If defendant prevailed, plaintiff and the class members would not receive any amount. Proceeding to trial would have been costly and recovery was not guaranteed. Further, there is the possibility of protracted appeals.

The settlement occurred only after extensive litigation including formal and informal written discovery; pre-mediation exchange of requested information (including voluminous payroll and time clock data), and communications. Defendant also provided class counsel with nearly 2,000 pages of documents and video footage from driver trucks, including versions of personnel and payroll policies, contact information for putative class, and records reflecting hours worked and wages paid. Defendant also served written discovery and deposed plaintiff. Counsel for both parties are highly experienced. The record does not indicate collusion or self-dealing.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; and

(iii) the terms of any proposed award of attorney's fees, including timing of payment.

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

The reaction of the class was overwhelmingly positive. As noted, the Court received only four opt-outs and no objections. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

### 4.    Other Findings

**Notice to Government Agencies:** The parties provided the required notice to federal and state attorneys general under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). (Dkt. No. 80, p. 9 of 25.) Notice occurred more than 90 days before the date of this order, as required by 28 U.S.C. § 1715(d).

### 5.    Certification Is Granted and the Settlement Is Approved

After reviewing all of the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the settlement class to be proper. The Court grants class certification to the following Settlement Class:

> All persons who have worked for Defendant as non-exempt, hourly-paid Road Drivers, City Drivers, or Driver Apprentices in California at any time during the Class Period

The following persons are excluded from the Settlement Class: all persons who timely excluded themselves from the Settlement Class, as identified in **Exhibit B** hereto.

## III.    MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

### A.    Attorneys' Fees

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" in order to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement

1    agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be

2    paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator

3    that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964.

4         The Court analyzes an attorneys' fee request based on either the "lodestar" method or a

5    percentage of the total settlement fund made available to the class, including costs, fees, and

6    injunctive relief. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth

7    Circuit encourages courts to use another method as a cross-check in order to avoid a "mechanical

8    or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–

9    45 (citing *Vizcaino,* 290 F.3d at 1050–51.)

10        Under the lodestar approach, a court multiplies the number of hours reasonably expended

11   by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court

12   calculates the lodestar figure by multiplying the number of hours reasonably expended on a case

13   by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in

14   the relevant community.'"). Under the percentage-of-the-fund method, courts in the Ninth Circuit

15   "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing

16   adequate explanation in the record of any 'special circumstances' justifying a departure." *In re*

17   *Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d

18   1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery

19   would be "either too small or too large in light of the hours devoted to the case or other relevant

20   factors." *Six (6) Mexican Workers*, 904 F.2d at 1311. When using the percentage-of-recovery

21   method, courts consider a number of factors, including whether class counsel " 'achieved

22   exceptional results for the class,' whether the case was risky for class counsel, whether counsel's

23   performance 'generated benefits beyond the cash settlement fund,' the market rate for the

24   particular field of law (in some circumstances), the burdens class counsel experienced while

25   litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled

26   on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir.

27   2015) (quoting *Vizcaino*, 290 F.3d at 1047-50). "[T]he most critical factor [in determining

28   appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461

1  U.S. 424, 436 (1983).

2        Here, class counsel requests a fee award of $812,500.00 as well as costs and expenses of

3  $14,366.58.  The attorneys' fees sought amount to the 25% benchmark and reflect approximately

4  2.79 % of its lodestar totaling $333,575.  Defendants does not oppose the fee request which is

5  lower than that authorized in the Settlement Agreement.

6        The Court has reviewed the class counsel's submission regarding its fee request.  (Dkt. No.

7  81.)  The hourly rates that are commensurate with their experience and with the legal market in

8  this district.  Moreover, given the nature of the work performed, the Court finds the number of

9  hours to be reasonable and reasonably incurred.  The Court also finds that Class Counsel

10  represented their clients with skill and diligence in obtaining the settlement for the class, taking

11  into account the possible outcomes and risks of proceeding trial.

12        Based on the foregoing, the Court finds an award of attorneys' fees in the amount of

13  $812,500.00 to be fair, reasonable, and adequate.

14        **B.    Costs Award**

15        Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R.

16  Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may

17  recover reasonable expenses that would typically be billed to paying clients in non-contingency

18  matters).  Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by

19  law or by the parties' agreement." Fed. R. Civ. P. 23(h).  Here, class counsel seeks reimbursement

20  of $14,366.58 in litigation expenses and provide records that document their claim.  The Court

21  finds an award of $14,269.58 is more appropriate, which reflects the request less the anticipated

22  $97.00 for CourtCall that they did not incur.  This amount is reasonable, fair, and adequate.

23        **C.    Enhancement Award**

24        The district court must evaluate named plaintiff's requested award using relevant factors

25  including "the actions the plaintiff has taken to protect the interests of the class, the degree to

26  which the class has benefitted from those actions . . . [and] the amount of time and effort the

27  plaintiff expended in pursuing the litigation."  *Staton*, 327 F.3d at 977.  "Such awards are

28  discretionary . . . and are intended to compensate class representatives for work done on behalf of

United States District Court
Northern District of California

the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, the plaintiff came forward to represent the interests of approximately 3,000 others, despite the relatively small amounts at issue. Plaintiff was deposed, reviewed documents, and assisted with discovery requests, regularly corresponded with counsel telephonically and by email, and took the substantial risk of litigation especially given the employment context. Thus, the Court approves the $7,500 enhancement award for plaintiff Theodore Emetoh.

## IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees, costs, and service awards is **GRANTED IN PART** as follows: Class Counsel is awarded $812,500.00 in attorneys' fees and $14,269.58 in litigation costs. Plaintiff Theodore Emetoh is granted an enhancement award of $7,500.00.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on February 14, 2020, and this order. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than **April 23, 2021**. The Court **SETS** a compliance deadline on **April 30, 2021** on the Court's 9:01 a.m. calendar to verify timely filing of the post-distribution accounting.

This terminates Docket No. 80.

**IT IS SO ORDERED.**

Dated: October 22, 2020

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

12

# EXHIBIT A

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1  SHAUN SETAREH, Bar No. 204514
   shaun@setarehlaw.com
2  WILLIAM PAO, Bar No. 219846
   william@setarehlaw.com
3  ALEXANDRA MCINTOSH, Bar No. 320904
   alex@setarehlaw.com
4  SETAREH LAW GROUP
   315 S. Beverly Dr., Suite 315
5  Beverly Hills, CA 90212
   Telephone:   310.888-7771
6  Facsimile:   310.888-0109

7  Attorneys for Plaintiff
   THEODORE A. EMETOH
8
   KEITH A. JACOBY, Bar No. 150233
9  kjacoby@littler.com
   LITTLER MENDELSON, P.C.
10 2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
11 Telephone:   310.553-0308
   Facsimile:   310.553-5583
12
   SOPHIA BEHNIA, Bar No. 289318
13 sbehnia@littler.com
   LITTLER MENDELSON, P.C.
14 333 Bush Street, 34th Floor
   San Francisco, CA 94104
15 Telephone:   415.433-1940
   Facsimile:   415.399-8490
16
   *Additional counsel on next page*
17

18                 UNITED STATES DISTRICT COURT

19               NORTHERN DISTRICT OF CALIFORNIA

20 THEODORE A. EMETOH, on behalf of          Case No. 4:17-CV-07272-YGR
   himself, all others similarly situated,
21                                           **CLASS ACTION**
                  Plaintiff,
22                                           **FIRST AMENDED JOINT
          v.                                 STIPULATION OF SETTLEMENT
23                                           AND RELEASE**
24 FEDEX FREIGHT, INC. an Arkansas
   corporation; and DOES 1 through 50, inclusive,
25
                  Defendant.
26

27

28

LITTLER MENDELSON, P.C.      FIRST AMENDED JOINT
2049 Century Park East       STIPULATION OF SETTLEMENT          CASE NO.: 4:17-CV-07272-YGR
5th Floor                    AND RELEASE
Los Angeles, CA 90067.3107
310.553.0308

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1    LINDA NGUYEN BOLLINGER, Bar No. 289515
      lbollinger@littler.com
2    LITTLER MENDELSON, P.C.
      50 West San Fernando Street, 7th Floor
3    San Jose, CA 95113
      Telephone:   408.998-4150
4    Facsimile:   408.288-5686

5    SANDRA C. ISOM, Bar No. 157374
      scisom@fedex.com
6    FEDEX FREIGHT, INC.
      1715 Aaron Brenner Drive, Ste. 600
7    Memphis, TN 38120
      Telephone: 901.434-8526
8    Facsimile: 901.468-1726

9    Attorneys for Defendant
      FEDEX FREIGHT, INC.

10

FIRST AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE     CASE NO.: 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1    This Joint Stipulation of Settlement and Release ("Agreement") is made and entered into

2    between Plaintiff Theodore A. Emetoh ("Plaintiff" or "Class Representative"), individually and on

3    behalf of all others similarly situated, including current and former alleged aggrieved employees,

4    ("Class Members") and Defendant FedEx Freight, Inc. ("Defendant" or "FedEx") (collectively, the

5    "Parties").

6    1.    **DEFINITIONS.**

7    The following terms, when used in this Agreement, have the following meanings:

8    1.1    "Action" means the above stated action *Theodore A. Emetoh v. FedEx Freight, Inc.*,

9    Case No. 4:17-CV-07272-YGR, currently pending in United States District Court for the Northern

10    District of California.

11    1.2    "Agreement" means this Joint Stipulation of Settlement and Release, which includes

      the PAGA Settlement, except where noted.

12    1.3    "Claim Amount" means an individual Class Member's potential allocation of the Net

13    Settlement Amount, as defined in Section 1.22.

14    1.4    "Class" or "Class Member(s)" means all persons who have worked for Defendant as

15    non-exempt, hourly-paid Road Drivers, City Drivers, or Driver Apprentices in California at any time

16    during the Class Period. There are approximately 3,020 Class Members.

17    1.5    "Class Counsel" means Shaun Setareh, William Pao, and Alexandra McIntosh of the

18    Setareh Law Group.

19    1.6    "Class Period" means from November 14, 2013 through the date of Preliminary

20    Approval, except that for Road Drivers, the settlement class period for all but the cell phone

21    reimbursement claim begins on January 1, 2016.

22    1.7    "Class Representative" is Plaintiff Theodore A. Emetoh.

23    1.8    "Class Representative's Released Claims" means any and all claims, obligations,

24    demands, actions, rights, causes of action, and liabilities, against the Released Parties (as defined in

25    Section 1.35), of whatever kind and nature, character, and description, whether in law or equity,

26    whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation,

27    common law, or other source of law, whether known or unknown, and whether anticipated or

28    unanticipated, including unknown claims covered by California Civil Code § 1542, as quoted in

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  92087.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                                                    CASE NO.: 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1   Section 1.34, by the Class Representative, arising from the beginning of time to the date of signing of

2   this Agreement, for any type of relief that can be released as a matter of law, including, without

3   limitation, claims for wages, damages, unpaid costs, penalties (including civil and waiting time

4   penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, and

5   restitution or equitable relief.  The Class Representative's Released Claims exclude his claims pending

6   in *Theodore Emetoh, an individual v. FedEx Freight, Inc., an Arkansas corporation; and DOES 1*

7   *through 50*, inclusive, pending in the United States District Court for the Northern District of

8   California, Case No. 3:18-cv-02898-CRB, claims for workers' compensation or unemployment

9   insurance benefits, or any claims which cannot be released as a matter of law (the "Excluded Claims").

10      1.9    "Complaint" means the Second Amended Class Action Complaint filed with this Court

11   by Plaintiff on August 16, 2018 attached hereto as Exhibit A, and incorporated herein by reference.

12      1.10    "Court" means the United States District Court for the Northern District of California.

13      1.11    "Data" are the Class Members' dates of employment and number of Workweeks as a

14   Class Member during the Class Period, as determined by Defendant's business records.

15      1.12    "Data Dispute" is a Class Member's challenge to their dates of employment or number

16   of Workweeks set forth in the Data Dispute Form in their Notice Packet.

17      1.13    "Data Dispute Deadline" shall mean forty-five (45) calendar days from the initial

18   mailing of the Notice Packet. This is also the deadline for exclusions and objections to the Agreement.

19      1.14    "Data Dispute Form" shall mean the document substantially in the form attached hereto

20   as Exhibit B.

21      1.15    "Defendant" shall mean FedEx Freight, Inc.

22      1.16    "Defendant's Counsel" means Keith A. Jacoby, Sophia Behnia, and Linda N. Bollinger

23   of Littler Mendelson, P.C., and Sandra C. Isom of FedEx Freight, Inc.

24      1.17    "Enhancement Payment" means the amount approved by the Court to be paid to the

25   Class Representative, not to exceed $7,500.00, in addition to his Claim Amount as a Qualified

26   Claimant, in recognition of his efforts in coming forward as a Class Representative. The Enhancement

27   Payment shall be considered non-wages for which an appropriate IRS Form 1099 will be issued to the

28   Class Representative.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT        4.        CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1.18   "Final Approval Date" means the latest of the following dates: (i) if no Class Member intervenes or files an objection to the Agreement on or prior to the Court entering an order granting final approval of the Agreement, then the day after the Final Judgment becomes final (meaning the expiration of the deadline to seek any type of appellate review); (ii) if there is an objection to the Agreement by a Class Member, or a Class Member intervenes, on or prior to the date the Court enters an order granting final approval of the Agreement, then on the date of final resolution of that objection or the exhaustion of any appellate rights of that objector or any intervener, resulting in final judicial approval of the Agreement, and entry of a non-reviewable judgment; or (iii) if an appeal, review or writ is sought from the judgment, the day after the judgment is affirmed or the appeal, review or writ is dismissed or denied, and the judgment is no longer subject to further judicial review.

1.19   "Final Approval and Fairness Hearing" means the hearing set by the Court to (a) review the Agreement and determine whether the Court should give final approval, (b) consider any timely objections made pursuant to Section 6.5.7 of this Agreement, and all responses by the Parties, (c) consider the request for attorneys' fees and expenses submitted by Class Counsel, (d) consider the Settlement Administrator's Settlement Administration Costs, and (e) consider the Class Representative's application for an Enhancement Payment.

1.20   "Final Judgment" shall mean the order granting final approval of the Agreement and final judgment entered by the Court. The Final Judgment shall constitute a final judgment of the PAGA Settlement for purpose of enforcing the rule announced in *Arias v. Superior Court of San Joaquin County (Dairy)*, 46 Cal.4th 969 (2009).

1.21   "Gross Settlement Amount" is the sum of Three Million Two Hundred and Fifty Thousand U.S. Dollars ($3,250,000.00), which represents the total amount payable to the Settlement Administrator to be held in trust in the Qualified Settlement Fund for this Agreement by Defendant, and includes without limitation the Settlement Administration Costs, attorneys' fees, litigation costs, the Class Representative Enhancement Payment, and the PAGA Payment. The Gross Settlement Amount is exclusive of the employer's share of payroll taxes.

1.22   "Net Settlement Amount" is the remaining portion of the Gross Settlement Amount available for distribution to Qualified Claimants after deduction of Court approved attorneys' fees and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                                    5.                    CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1  litigation costs, Settlement Administration Costs, the Enhancement Payment to the Class

2  Representative, and the State of California's portion of the PAGA Payment.

3      1.23   "Notice of Settlement" means the document substantially in the form attached hereto

4  as Exhibit C.

5      1.24   "Notice Packet" means the Notice of Settlement and Data Dispute Form.

6      1.25   "PAGA Payment" means One Hundred and Twelve Thousand Five Hundred U.S.

7  Dollars ($112,500.00) of the Gross Settlement Amount to be allocated to claims under the Private

8  Attorneys General Act of 2004, which includes Eighty Four Thousand Three Hundred Seventy Five

9  U.S. Dollars ($84,375.00) being awarded to the State of California, subject to Court approval, and

10  Twenty Eight Thousand One Hundred Twenty Five U.S. Dollars ($28,125.00) being awarded to

11  Qualified Claimants, divided *pro-rata* based upon the Qualified Claimants' number of Workweeks

12  during the PAGA Period of November 9, 2016 through the date of Preliminary Approval, by including

13  that sum in the Net Settlement Amount, subject to Court approval. The Parties acknowledge and agree

14  that for purposes of PAGA and the Final Judgment, all Class Members were allegedly aggrieved in

15  the same manner pursuant to Cal. Lab. Code 2698 *et seq.* in that each Class Member allegedly suffered

16  at least one violation for which PAGA provides an available remedy. In light of the binding nature of

17  a PAGA judgment on non-party employees pursuant to *Arias v. Superior Court of San Joaquin County*

18  *(Dairy)*, 46 Cal.4th 969 (2009), and *Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413 at *3

19  (C.D. Cal. Jan. 31, 2011), individuals otherwise meeting the definition of Class Members who exclude

20  themselves from the Class pursuant to Section 6.5.3 and were employed during the PAGA Period shall

21  receive a payment for the amount of each such individual's estimated share of the PAGA Payment

22  that was included by the Settlement Administrator in calculating the Claim Amount.

23      1.26   "PAGA Settlement" means the agreement to resolve the PAGA representative action

24  pursuant to Cal. Lab. 2698 *et seq.*, for which the PAGA Payment provides consideration.

25      1.27   "Parties" means the Plaintiff and Defendant.

26      1.28   "Payroll Settlement Check" means the wage portion of the Qualified Claimant's Claim

27  Amount.

28      1.29   "Plaintiff" is Theodore A. Emetoh.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                               6.                    CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1.30 "Preliminary Approval Date" means the date the Court approves the Agreement, and the exhibits thereto, and enters an order providing for notice to the Class, an opportunity to opt out of the Class or to submit timely objections to the Agreement (excluding the PAGA Settlement), a procedure for submitting Data Dispute Forms, and setting a hearing on the fairness of the terms of settlement, including approval of attorneys' fees and costs.

1.31 "Preliminary Approval Order" means the document substantially in the form attached hereto as Exhibit D. The Parties will jointly request that any order granting preliminary approval not be entered before December 1, 2019.

1.32 "QSF" or "Qualified Settlement Fund" means the Qualified Settlement Fund set up by the Settlement Administrator for the benefit of the Qualified Claimants and from which the settlement payments shall be made. The QSF shall be an interest-bearing escrow account established by the Settlement Administrator to hold the Gross Settlement Amount from the time the Defendant deposits the funds pursuant to Section 6.11 herein until such funds are fully and finally distributed. The QSF is intended to be a Qualified Settlement Fund within the meaning of Internal Revenue Code section 468B and Treasury Regulation section 1.468B-1, and the Settlement Administrator shall be solely responsible for filing tax returns for the QSF and paying from the QSF any taxes owed with respect to same. In addition, the Settlement Administrator, and, as required, Defendant, will jointly and timely make the "relation-back election" (as defined in Treasury Regulation 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations, provided that Defendant shall not be required to deposit any monies into the QSF before the time set forth in Section 6.11 It will be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature to all necessary parties, and thereafter cause the appropriate filing to occur. In the event it is determined that the QSF is not a Qualified Settlement Fund within the meaning of Treasury Regulation section 1.468B-1, any tax liabilities associated with such determination shall be satisfied solely from the QSF without any recourse against Defendant for additional monies.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

7.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1.33 "Qualified Claimant" means any and all Class Members who do not submit a timely and correctly completed request for exclusion, as set forth in Section 6.5.3.

1.34 "Released Claims" means any and all claims contained in the Complaint and any additional wage and hour claims that could have been brought by the Plaintiff and the Class Members based on the facts alleged in said Complaint, for the Class Period as defined in Section 1.6 through the Preliminary Approval Date. "Released Claims" includes any and all claims for relief, whether suspected or unsuspected, which Qualified Claimants as well as all Class Members for purposes of PAGA relief, as explained in Section 1.25 have had, now have, or may discover in the future against the Released Parties or any of them for any or all claims alleged in the Complaint or which could have been alleged in the Complaint based on the allegations, facts, matters, transactions or occurrences alleged therein, and shall specifically include without limiting the generality thereof: claims for missed and/or unpaid meal periods and/or rest periods; failure to reimburse business expenses; failure to pay all wages owed (including without limitation, regular wages, the regular rate of pay, minimum wage, overtime pay, double time pay, premium pay or otherwise properly calculate overtime or the regular rate of pay, failure to pay employees for all hours worked, and/or off-the-clock claims); failure to properly pay all wages upon termination; any claim for failure to keep and/or maintain accurate records; unlawful deductions; failure to timely pay wages owed; claims for failure to provide accurate, itemized wage statements; waiting time penalties; and claims for PAGA penalties and/or unfair competition claims based on the foregoing. The Release of the foregoing claims extends to all theories of relief regardless of whether the claim is, was, or could have been alleged as separate claims, causes of action, lawsuits or based on other theories of relief, whether under California law, federal law, state law or common law (including, without limitation, as violations of the California Labor Code, the California Wage Orders, applicable regulations, California's Business and Professions Code section 17200 or under California's Private Attorneys General Act, and the Fair Labor Standards Act). "Released Claims" includes all types of relief available for the above-referenced claims, including, without limitation, any claims for damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive relief, declaratory relief, or liquidated damages. "Released

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          8.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

Claims" also includes an express waiver of all benefits under section 1542 of the California Civil Code as to the Released Claims only, as well as under any other federal or state statutes or common law principles of similar effect. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Class Representative's and the Class Members' Section 1542 waiver releases all claims, known or unknown, within the definition of Released Claims, irrespective of the factual or legal basis for such claims. This 1542 waiver was a specifically negotiated term, and was specifically taken into consideration in arriving at the Gross Settlement Amount. Class Members, including Class Representatives, will be informed in the Notice of Settlement and will be deemed to understand that Section 1542 gives them the right not to release existing claims of which they are not now aware, unless they voluntarily choose to waive this right. Having been so informed, Class Members, including the Class Representative, will be deemed to have voluntarily waived the rights described in Section 1542, and elected to assume all risks for claims that now exist in their favor, known or unknown, that fall within the scope of the Released Claims. The Final Judgment shall expressly provide that it covers and bars each and every Qualified Claimant as well as all Class Members for purposes of PAGA relief, as explained in Section 1.25, from asserting any Released Claims in the future.

1.35   "Released Parties" means Defendant, its past or present parents, subsidiaries, and officers, directors, shareholders, managers, employees, agents, attorneys, legal representatives, successors, assigns, and predecessors in interest, affiliates, related entities, third-party staffing agencies, and any individual or entity which could be jointly liable with Defendant.

1.36   "Settlement Administration Costs" means reasonable fees and expenses incurred by the Settlement Administrator, not to exceed $35,000.00, as a result of the procedures and processes expressly required by this Agreement, and shall include all costs of administering the Agreement, including, but not limited to, all tax document preparation and obligations related to the QSF, custodial

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

9.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1   fees, and accounting fees incurred by the Settlement Administrator; all costs and fees associated with

2   preparing, issuing and mailing any and all notices of settlement and other settlement correspondence

3   to Class Members and/or Qualified Claimants; all costs and fees associated with communicating with

4   Class Members, Class Counsel, and Defendant's Counsel regarding settlement; all costs and fees

5   associated with computing, processing, reviewing, and paying the Claim Amounts, and resolving

6   disputed claims; all costs and fees associated with calculating tax withholdings and payroll taxes,

7   working with Defendant so that related payments to federal and state tax authorities can be made, and

8   printing tax forms relating to payments made under the settlement; all costs and fees associated with

9   preparing any tax returns and any other filings required by any governmental taxing authority or

10  agency; all costs and fees associated with preparing any other notices, reports, or filings to be prepared

11  in the course of administering Claim Amounts; and any other costs and fees incurred and/or charged

12  by the Settlement Administrator in connection with the execution of its duties under this Stipulation.

13      1.37   "Settlement Administrator" means and refers to the mutually agreed upon third-party

14  claims administrator that will be responsible for establishing, maintaining, and administering the QSF,

15  as well as the administration of the Agreement and related matters as described in this Agreement.

16      1.38   "Settlement Payment" means each Qualified Claimant's share of the Net Settlement

17  Amount plus, where applicable, each Class Member's share of the PAGA Payment.

18      1.39   "Workweeks" means each week (Sunday through Saturday) during which Class

19  Members were employed, but excluding weeks during which the Class Member was not performing

20  driving duties. There are no partial or fractional Workweeks. Thus, if a Class Member performed any

21  driving duties during any part of a Sunday through Saturday week, that week shall count as a

22  Workweek. The number of Workweeks will be determined by Defendant's records.

23  **2.    THE CONDITIONAL NATURE OF THIS STIPULATION.**

24      2.1    This Agreement and all associated exhibits or attachments are made for the sole

25  purpose of settling the above-captioned lawsuit, which is entitled *Theodore A. Emetoh v. FedEx*

26  *Freight Inc.*, Case No. 4:17-CV-07272-YGR. This Agreement is made in compromise of disputed

27  claims. Because the Parties desire to settle this Action on a class-wide basis pursuant to Federal Rule

28  of Civil Procedure 23, and as a representative action pursuant to Cal. Lab. Code §2699(*l*), this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          10.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1  Agreement must receive preliminary and final approval by the Court. Accordingly, the Parties enter
2  into this Agreement on a conditional basis.

3         2.2      Subject to the obligation(s) of mutual full cooperation set forth herein, FedEx may void
4  this this Agreement if the Court refuses to approve any economic term or term related to the scope of
5  the release, or declines to enter the Preliminary Approval Order, the Final Approval Order, or Final
6  Judgment in substantially the form submitted by the Parties, or if the Agreement does not become final
7  because of appellate court action or due to some other voidable event described herein. The terminating
8  Party shall give to the other Party (through its Counsel) written notice of its decision to terminate no
9  later than ten (10) calendar days after receiving notice that one of the enumerated events has occurred.
10  Termination shall have the following effects:

11        1)     The Agreement shall be terminated and shall have no force or effect, and no
            Party shall be bound by any of its terms.

12        2)     In the event the Agreement is terminated, Defendant shall have no obligation to
13              make any payments to any Party, Class Member or attorney.

14        3)     The Preliminary Approval Order, Final Approval Order and Final Judgment,
15              including any order of class certification, shall be vacated.

16        4)     In the event this Agreement is terminated or canceled pursuant to its terms, the
17              Settlement Administrator shall refund all funds received by Defendant into the
18              QSF, and the Settlement Administration Costs incurred as of the date of
19              termination will be paid by Defendant, assuming the Defendant voided the
20              Agreement at its option. Otherwise, the Parties shall equally share such
21              Settlement Administration Costs.

22        5)     The Parties will not be deemed to have waived any claims, objections, defenses,
23              or arguments in this Action, including with respect to the issue of class
24              certification. The Parties retain and reserve these rights, and agree not to argue
25              or present any argument, and hereby waive any argument that, based on this
26              Agreement, the other Party cannot pursue or challenge claims, allegations and
27              defenses in the Action, upon any procedural or factual grounds.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          11.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

6)   The Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions prior to the Agreement and mediation on May 21, 2019. The Parties agree to return to mediation in good faith to attempt to address the concerns of the Court, and upon reaching an agreement, submit a revised agreement to the Court.

7)   The Agreement shall not be admissible or offered into evidence in the Action or any other action for any purpose whatsoever. Similarly, any conditional class certification (obtained for any purpose) shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

3.   **DESCRIPTION OF THE LITIGATION.**

3.1   Plaintiff, a former Road Driver of Defendant, brought this Action asserting the following violations: 1) Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); 2) Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); 3) Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); 4) Failure to Indemnify (Lab. Code § 2802); 5) Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); 6) Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); 7) Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); and 8) Civil Penalties (Lab. Code §§ 2698 *et seq.*).

3.2   Through discovery, Defendant provided Class Counsel with nearly 3,000 pages of documents, including copies of all applicable versions of personnel and payroll policies, contact information for the putative class, and records reflecting Class Members' hours worked and wages paid, amongst numerous other documents, as well as payroll and time clock data for the putative class. Defendant also served written discovery upon and deposed Plaintiff as well as several third-party subpoenas.

3.3   The Parties participated in two separate full-day mediations before Hon. Stephen Sundvold and Tripper Ortman, Esq. on January 15, 2019 and May 21, 2019, respectively. The Parties were able to come to an agreement and signed a Memorandum of Understanding on May 21, 2019.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                    12.                CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.4     This Agreement was reached after evaluating the Parties' theories of potential exposure for the underlying claims. The Parties also assessed appropriate discounts to the potential liability based on Defendant's contentions and defenses.

3.5     The Parties agree that the above-described investigation and evaluation, as well as discovery and the information exchanged during the settlement negotiations, are more than sufficient to assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.

4.     **BENEFITS OF THE SETTLEMENT TO THE PROPOSED CLASS.**

4.1     Based on their own independent investigations and evaluations, Class Counsel are of the opinion that the settlement with Defendant for the consideration and terms set forth below, in view of the Class Representative's and average Class Members' claims and the risk of loss, is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best interests of the Class. Class Counsel are also of the opinion that the total consideration and payment set forth in this Agreement is adequate in light of the uncertainties surrounding the risk of further litigation and the defenses that Defendant has asserted and could assert.

4.2     Class Counsel has weighed the monetary benefit under the Agreement to the Class against the expenses and length of continued proceedings that would be necessary to prosecute the Action against Defendant through trial and possible appeals. Class Counsel have also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation. Therefore, Class Counsel has determined that the Agreement is in the best interests of the Class.

5.     **POSITION OF DEFENDANT.**

5.1     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further denies that, for any purpose other than settling this matter, this Action is appropriate for class treatment. Defendant maintains, among other things, it has complied with Federal and California law in all aspects. Nothing in this Agreement shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

5.2     There has been no final determination by any court as to the merits of the claims asserted by Plaintiff against Defendant, nor has there been any final determination as to whether a

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                          13.                    CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

class should be certified, other than for settlement purposes only. Defendant will stipulate to the certification of the class claims for settlement purposes only. Class certification of the PAGA Settlement is not necessary to bind alleged aggrieved employees pursuant to *Arias v. Superior Court of San Joaquin County (Dairy)*, 46 Cal. 4th 969 (2009). Defendant disputes that certification is proper for the purposes of litigating the class claims proposed in or flowing from the Complaint; and the Court has not evaluated manageability.

6.   **OPERATIVE TERMS OF SETTLEMENT.**

The Parties to this Action agree as follows:

6.1   <u>Cooperation</u>. The Parties will cooperate in obtaining, through written stipulation or unopposed motion if a motion is required, an order from the Court approving the Agreement. The Parties agree to use their best efforts to expedite the preparation and submission of the Agreement and related documents. The Parties further agree to fully cooperate in the drafting and/or filing of any further required documents or filings, shall take all steps that may be requested by the Court or that are otherwise necessary for the approval and implementation of this Agreement, and shall otherwise use their respective best efforts to obtain Court approval of this Agreement.

6.2   <u>Preliminary Approval</u>. The Parties will seek to obtain the Court's preliminary approval of the settlement pursuant to Fed. R. Civ. Proc. 23(e) and Cal. Lab. Code § 2699(l). The Parties will jointly request that any preliminary approval order be dated no earlier than December 1, 2019 and request an immediate vacation or stay of pending dates until the entry of Final Judgment by the Court.

6.2.1   Class Counsel will prepare and file the motion for preliminary approval and related documents consistent with the terms of this Agreement and Defendant agrees not to oppose it. The Parties and their Counsel agree that this settlement is strictly confidential unless and until the Preliminary Approval Motion is filed granted. Plaintiff will not oppose FedEx filing a motion to seal the preliminary approval pleadings. If the Court declines to enforce this provision, it will not be grounds to void the Agreement.

6.2.2   Plaintiff, Defendant, and their respective Counsel will not make any public disclosure of the Agreement until after the Agreement is preliminarily approved by the Court. Plaintiff and Class Counsel agree not to disclose or publicize the Agreement, including the fact of the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90087.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT                    14.                    CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1    Agreement, its terms or contents, and the negotiations underlying the Agreement, in any manner or

2    form, directly or indirectly, to any person or entity, except potential class members and as shall be

3    contractually required to effectuate the terms of the Agreement as set forth herein. Class Counsel will

4    take all steps necessary to ensure that Plaintiff is aware of, and will encourage him to adhere to, the

5    restriction against any public disclosure of the Agreement until after the Agreement is preliminarily

6    approved by the Court.

7            6.2.3   The Parties agree not to initiate any contact with the media concerning this case

8    at any time. Plaintiff and Counsel will not at any time publish details of this case or the settlement

9    except on Plaintiff's Counsel's website or other publications it controls. If either Party or their Counsel

10   is contacted by the media, neither Party is required to make a statement, but may make the following

11   statement:

12            (a)    If Motion to Seal is granted: "The Parties have reached an agreement to

13   settle the pending claims in the *Theodore Emetoh v. FedEx Freight, Inc.* lawsuit. The terms of the

14   settlement are confidential and have not yet received final approval by the Court."

15            (b)    If Defendant's Motion to Seal is not granted: "The Parties have reached

16   an agreement to settle the pending claims in the *Theodore Emetoh v. FedEx Freight, Inc.* lawsuit. The

17   terms of the settlement have not yet received final approval by the Court."

18            (c)    After preliminary approval is granted: "The Parties have reached an

19   agreement to settle the pending claims in the *Theodore Emetoh v. FedEx Freight, Inc.* lawsuit."

20            (d)    At any time, Plaintiff may say: "We believe the settlement is fair and in

21   the best interests of the class."

22            (e)    If Defendant's Motion to Seal is not granted and after preliminary

23   approval is granted, Defendant may say: "FedEx Freight denies liability in this matter. Contrary to

24   Plaintiff's claims, FedEx Freight complies with the wage and hour laws in all jurisdictions where we

25   do business, including California. We have agreed to settle this matter simply to avoid the

26   burdensome cost of continued litigation."

27            (f)    The Parties expressly agree that neither Party shall provide any

28   comment beyond the above statements to any third party entity, on any digital platform, or in any

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT                    15.                    CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1   other forum, except for Plaintiff's Counsel's website or other publications controlled by Plaintiff's

2   Counsel.

3            6.2.4   The Parties agree that the preliminary approval order will include a provision

4   enjoining Class Members from filing any DLSE claims, or from initiating other proceedings, regarding

5   claims released by the settlement before opting out of the settlement. If the Court declines to enforce

6   this provision, it will not be grounds to void the Agreement;

7            6.2.5   The Parties will submit this Agreement to the Court for preliminary approval

8   of its terms and for approval of the steps to be taken to obtain its final approval. The Parties will

9   request that the Court's preliminary approval of this Agreement be embodied in the Preliminary

10   Approval Order, a proposed form of which is attached as Exhibit D.

11       **6.3**   <u>Notice to Class Members</u>. The Settlement Administrator shall disseminate the Notice

12   Packet in the manner described below, with the Settlement Administration Costs being paid from the

13   Gross Settlement Amount.

14            6.3.1   No later than thirty (30) calendar days after the entry of the Preliminary

15   Approval Order, for each Class Member, Defendant shall provide the Settlement Administrator with

16   the name, last known mailing address, last known telephone number, Social Security Number, the

17   dates the Class Member was employed as a Class Member of Defendant in California during the Class

18   Period, the number of Workweeks attributable to the Class Member, and whether the Class Member's

19   employment with Defendant ended, in a form requested by the Settlement Administrator. This class

20   data, as well as any other class data provided to the Settlement Administrator, shall be confidential.

21   Except as provided for in this Agreement, the Settlement Administrator shall not provide the class data

22   to Class Counsel or Plaintiff or any third party, or use the class data or any information contained

23   therein for any purpose other than to administer this Agreement. Class Counsel agrees they will not

24   use the Class Member data for any purpose other than as required for this Agreement. The Settlement

25   Administrator shall use commercially reasonable efforts to secure the Class Member data at all times

26   so as to avoid inadvertent or unauthorized disclosure or use of such data other than as permitted by

27   this Agreement, and shall destroy the data and all copies in a complete and secure manner at the end

28   of any retention periods after which the data is no longer required for purpose of the Agreement. Class

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT     16.     CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1   Members' addresses, telephone numbers, or social security numbers shall not be filed with the Court,

2   except as may be ordered by the Court.

3         6.3.2   No later than ten (10) calendar days after receipt of such address information,

4   the Settlement Administrator will perform a national change of address ("NCOA") search, update the

5   addresses per the results of the NCOA search, and then mail the Notice of Settlement and Data Dispute

6   Form, substantially in the forms attached as Exhibits B and C, respectively, to each Class Member by

7   first-class mail, postage prepaid.

8         6.3.3   If a Class Member is deceased, the successor or estate may receive the payment.

9   Within ten (10) calendar days of notification that the Class Member is deceased, the Settlement

10  Administrator shall mail a Beneficiary Declaration and Release to the successor or individual acting

    on behalf of the estate.

11        6.3.4   In the event that a Notice Packet is returned as undeliverable, the Settlement

12  Administrator will make reasonable efforts to obtain a valid mailing address by using the social

13  security number of the class member and standard skip tracing devices to conduct a search for a correct

14  mailing address and by contacting Class Counsel and Defendant through Defendant's Counsel.

15  Following each search that results in a corrected address, the Settlement Administrator shall promptly

16  resend the original Notice Packet to the Class Member by first-class mail, postage prepaid. Such efforts

17  must be completed no less than fourteen (14) calendar days before the date of the Final Approval and

18  Fairness Hearing. No further action is required if the search results in no corrected address.

19        6.3.5   The Parties shall cooperate in good faith with the Settlement Administrator's

20  reasonable efforts to obtain valid mailing addresses for Class Members.

21        6.3.6   All costs of mailing of the Notice Packet, whether foreseen or not, shall be paid

22  from the Gross Settlement Amount, including the cost of searching for Class Members' addresses as

23  provided in Section 6.3.4. All other reasonable costs of the Settlement Administrator shall also be paid

24  from the Gross Settlement Amount.

25        6.3.7   No later than fourteen (14) calendar days prior to the date of the Final Approval

26  and Fairness Hearing, the Settlement Administrator shall file a declaration under penalty of perjury

27  advising the Court that the requirements of Sections 6.3.1 through 6.3.4 of this Agreement have been

28  fulfilled.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

17.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

6.3.8  Compliance with these procedures shall constitute due and sufficient notice to Class Members of this Agreement and shall satisfy the requirement of due process. Nothing else shall be required of, or done by, the Parties or their Counsel to provide notice of the proposed Agreement.

6.4      Responses to Notice. The Notice Packet shall provide Class Members with information as to how they may challenge the Data in the Data Dispute Form. Class Members need not exclude themselves from the Agreement to submit a Data Dispute Form. If a Class Member timely submits both a Data Dispute Form and a request for exclusion, the Data Dispute Form shall control, and the request for exclusion shall be null and void.

6.5      Class Members will have until the Data Dispute Deadline within which to complete and postmark their Data Dispute Form for return to the Settlement Administrator. Except as provided by Section 6.5.1 and 6.5.2, no Data Dispute Forms will be honored if postmarked after the Data Dispute Deadline.

6.5.1  For Class Members who are re-mailed the Notice Packet due to it being undeliverable, the deadline by which to submit a Data Dispute Form, file an objection, or submit a request for exclusion will be the later of (i) fourteen (14) calendar days from the date the Notice Packet was re-mailed, or (ii) the Data Dispute Deadline.

6.5.2  If a Data Dispute Form is timely submitted, but is deficient or incomplete, the Settlement Administrator will return the Data Dispute Form (or, if deemed necessary, a new Data Dispute Form) to the Class Member within five (5) business days of receipt of the Data Dispute Form with a deficiency notice explaining the deficiencies and stating that the Class Member will have fifteen (15) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the Data Dispute Form. Neither the Parties nor their Counsel shall discourage any Class Member from submitting a Data Dispute Form. The Settlement Administrator will timely notify Class Members whose dispute letters are untimely or denied for other reasons.

6.5.3  Class Members, with the exception of the Class Representative, may opt-out of the Agreement. Class Members who wish to exercise this option must submit a request for exclusion to the Settlement Administrator as provided in this section. The request for exclusion must (a) be in writing; (b) state the name, address and telephone number of the Class Member; (c) state either the Class Member's approximate years of employment with Defendant or the employee identification

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          18.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

number assigned to the Class Member by Defendant; (d) request exclusion from the Class saying words to the effect of "I wish to opt out of the Class in: *Emetoh v. FedEx Freight, Inc.*"; (e) be sent via U.S. Mail postmarked no later than the Data Dispute Deadline; and (f) be signed and dated with return address or contact information. No request for exclusion may be made on behalf of a group of members of the Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. By submitting such a Request for Exclusion, a Class Member shall be deemed to have exercised his or her option to opt out of the class action lawsuit, except that opting out does not alter the binding nature of the PAGA Settlement, Release, Final Approval, and Final Judgment related to the PAGA Settlement.

6.5.4   Any member of the Class who requests exclusion from the Agreement will not be entitled to any share of the settlement (except for a PAGA Payment), will not be bound by the Agreement or Final Judgment (except as to the PAGA Settlement and related Final Judgment), and will not have any right to object, appeal or comment thereon. Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Final Judgment entered in this Action, regardless of whether they otherwise have requested exclusion from the Agreement.

6.5.5   The Settlement Administrator is to send a deficiency notice to the Class Members for any irregularities in the requests for exclusion that are timely submitted; the deficiency notice will provide the Class Members no less than fifteen (15) calendar days from the mailing of the deficiency notice to cure the deficiency, even if after the claims period ends.

6.5.6   Within ten (10) calendar days of the Data Dispute Deadline, the Settlement Administrator shall notify Class Counsel and Defendant's Counsel of the identity of Class Members who have submitted requests for exclusion and whether the request for exclusion was timely or untimely filed. No later than fourteen (14) calendar days before the Final Approval and Fairness Hearing, the Settlement Administrator shall file a declaration under penalty of perjury providing the Court with a complete list of all members of the Class who have timely requested exclusion from the Agreement.

6.5.7   Any person who does not request exclusion but who wishes to object or otherwise be heard concerning this Agreement must provide the Settlement Administrator with written

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

19.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

notice of his or her intent to object to this Agreement, although no Class Member has the right to object to the PAGA Settlement. To be considered timely, the notice must be sent to the Settlement Administrator via U.S. Mail and postmarked no later than the Data Dispute Deadline. The notice must set forth any and all objections to this Agreement and include any supporting papers and arguments. Any person who fails to submit such a timely written notice shall be barred from making any statement objecting to this Agreement, and shall forever waive his or her objection, except by special permission of the Court, but may still attend the hearing to obtain such special permission. The Settlement Administrator shall promptly forward all objections to the Parties and have them filed with the Court within ten (10) calendar days of the Data Dispute Deadline with any later received objections filed with the Court promptly upon receipt and in any case no later than five (5) business days before the Final Approval and Fairness Hearing. Either of the Parties may file a responsive document to any notice of intent to object with the Court no later than five (5) business days before the Final Approval and Fairness Hearing. Any person who objects to the Agreement shall be bound by the order of the Court.

6.5.8   If any individual whose name does not appear on the updated class list provided to the Settlement Administrator believes that he or she is a member of the Class, he or she shall have the opportunity to dispute his or her exclusion from the Class. Individuals who believe they are Class members must notify the Settlement Administrator in writing no later than the Data Dispute Deadline. The Parties will meet and confer regarding any such individuals in an attempt to reach an agreement as to whether any such individual should be regarded as a Class member. If the Parties so agree, the Settlement Administrator will mail a Notice Packet to the individual, and treat the individual as a Class member for all other purposes. Such an individual will have all of the same rights as any other Class member under this agreement.

6.5.9   If five percent (5%) or more of the total number of Class Members submit timely and valid requests for exclusion, then Defendant shall have the option to void the Agreement. Defendant must exercise this option within fourteen (14) calendar days of receiving a report from the Settlement Administrator showing the total number of timely and valid requests for exclusion exceeding 5% of Class Members. If Defendant chooses to exercise this option, the effect will be precisely the same as if final approval did not occur, as discussed in Section 2.2. As a condition to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT           20.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

exercise of this option, Defendant must pay the Settlement Administration Costs incurred as of the date of this exercise, notwithstanding other allocations of Settlement Administration Costs set forth in this Agreement.

6.5.10 Neither the Parties nor their respective Counsel will solicit or otherwise encourage any Class Member, directly or indirectly, to request exclusion from the Agreement or object to the Agreement.

6.6    Data Dispute Procedures. Any Qualified Claimant who disputes the Data listed on the Data Dispute Form shall complete the Data Dispute Form and provide it together with any supporting information or documentation to the Settlement Administrator by the Data Dispute Deadline. A Data Dispute Form will be deemed submitted (a) when postmarked, if it is mailed by first-class, registered, or certified mail, postage prepaid, addressed in accordance with the instructions on the form, or (b) if otherwise submitted, when it is actually received at the address designated on the form. If a Qualified Claimant does not timely dispute the Data contained in the Data Dispute Form, the Data contained in the Data Dispute Form mailed to the Qualified Claimant shall govern the calculation of his or her entitlement under the Agreement

6.6.1    Defendant shall review and respond to each submitted Data Dispute Form within ten (10) calendar days of receipt, and shall transmit a copy of its response to the Settlement Administrator. Defendant's response shall state whether Defendant agrees with or disputes the information provided in the Data Dispute Form.

(a)    If Defendant agrees with all of the information provided in the Data Dispute Form, the information and documentation provided by the Qualified Claimant and attached to the Data Dispute Form shall govern the calculation of the entitlement under the Agreement of the person whose employment information is listed in the Data Dispute Form.

(b)    If Defendant disagrees with any of the information provided in a Data Dispute Form, it shall follow the procedure set forth in Section 6.6.2 of this Agreement.

6.6.2    In the event that Defendant disagrees with the information provided in a Data Dispute Form, Defendant's Counsel will promptly advise Class Counsel in writing of the dispute and provide Class Counsel with copies of all information relevant to the dispute. Copies of all Data Dispute Forms and correspondence with the person(s) submitting the Data Dispute Form(s) shall be made

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT              21.              CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1   available to Class Counsel upon request. Defendant's Counsel and Class Counsel shall attempt in good

2   faith to resolve any such dispute within ten (10) calendar days of Class Counsel's receipt of

3   Defendant's Counsel's notice of a dispute as to the Data Dispute Form. Class Counsel shall have full

4   discretion on behalf of the Qualified Claimants to resolve such disputes with Defendant's Counsel,

5   except that any and all payments relating to the disputed entitlement must be from the Net Settlement

6   Amount.

7          6.6.3   In the event the Parties are unable to resolve any dispute under this section, the

8   Court shall review all information, materials and documents provided by the Qualified Claimant, Class

9   Counsel, and/or Defendant's Counsel, and make a decision regarding the dispute. This decision shall

10  be final and unappealable.

11         6.7   Application for Attorneys' Fees and Expenses. Class Counsel shall apply to the Court

12  for an award of fees from the Gross Settlement Amount in an amount not to exceed One Million

13  Eighty-Two Thousand Two-Hundred Fifty Dollars ($1,082,250.00) (thirty three and one-third percent

14  of the Gross Settlement Amount) and actual costs incurred up to Twenty Thousand Dollars

15  ($20,000.00). Defendant agrees not to oppose Class Counsel's application for fees and expenses

16  provided the application is made consistent with this section. To the extent the Court awards less than

17  this amount, the remainder shall be distributed to the Qualified Claimants. Failure of the Court to

18  award the requested attorneys' fees and costs is not a grounds to void this Agreement, however,

19  Plaintiff reserves the right to appeal any such decision.

20         6.8   Application for Enhancement Payment. Class Counsel, on behalf of Plaintiff, shall

21  apply to the Court for an Enhancement Payment from the Gross Settlement Amount, per the Court's

22  direction, or no later than the same day Plaintiff files his anticipated Motion for Final Approval of

23  Class Action Settlement. To the extent the Court awards less than the requested amount, the remainder

24  shall be distributed to the Qualified Claimants. Failure of the Court to award the requested

25  Enhancement Payment is not a grounds to void this Agreement.

26         6.8.1   Any request for an Enhancement Payment may be supported by a declaration

27  from the Class Representative seeking payment and outlining the burdens and obligations assumed in

28  connection with his role as a Class Representative. Defendant agrees not to oppose Class

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                          22.              CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

Representative's application for the Enhancement Payment provided the application is made consistent with this Agreement.

6.8.2  Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on his Class Representative Enhancement Payment and hold harmless Defendant from any claim or liability for taxes, penalties, or interest arising as a result of the Class Representative Enhancement Payment.

6.9    Final Approval and Fairness Hearing. On the date set forth in the Notice Packet, the Court shall hold the Final Approval and Fairness Hearing where objections, if any, may be heard. If the Court approves this Agreement at the Final Approval and Fairness Hearing, the Parties request that the Court enter the Final Judgment.

6.10    Tax Allocation of the Net Settlement Amount. To fairly allocate settlement funds based on the Qualified Claimant's dates of employment as a Class Member (excluding workweeks where the Qualified Claimant was not performing driving duties) and any entitlement to waiting time penalties, the distribution amounts will be calculated as follows: The total Workweeks for all Class Members in the class period plus additional Workweeks allocated for separated employees shall be divided into the Net Settlement Amount to calculate the agreed upon payment per Workweek (the "Workweek Rate"). Each Qualified Claimant who separated from Defendant during the class period at least once will receive an allotment of six additional Workweeks. Each Qualified Claimant will be paid the Workweek Rate for each Workweek.

6.10.1  There will be no reversion of any of the Gross Settlement Amount or Net Settlement Amount to Defendant. For any Class Member that requests exclusion from the Class, his or her Claim Amount will be added to the Net Settlement Amount and distributed to Qualified Claimants on a proportional basis. All Qualified Claimants will receive their Claim Amount, such that 100% of the Net Settlement Amount will be paid.

6.10.2  The Parties recognize that the Claim Amounts to be paid to Class Members reflect settlement of a dispute over claimed wages, business expenses, interest, premiums and penalties. The parties agree that such payments are not, and are not intended to be made as a payment with respect to, a penalty or a punishment of any type or kind for purposes of Internal Revenue Service Code §162(f), except that the PAGA Payment is a civil penalty.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          23.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

6.10.3 With the exception of the PAGA Payment, no governmental entity is directly or indirectly a recipient of any portion of the payments made pursuant to this Agreement, and no governmental entity has any interest or involvement of any type or kind in the litigation hereby settled. The payments made herein are not made or received with the intention of avoiding or reducing any liability to a governmental entity of any type or kind.

6.10.4 The Settlement Administrator will prepare and issue Forms 1099 and W-2's as part of this Agreement and calculate and deduct required withholdings from each Payroll Settlement Check, and file tax forms with the appropriate government agencies as required by law. Pursuant to its duties and undertakings, the Settlement Administrator shall work with Defendant to ensure that all monies and information needed to remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities are provided on a timely basis. Defendant agrees to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this section. Defendant and Defendant's Counsel will not be responsible for any errors or omissions in the Settlement Administrator's calculations of the withholdings.

6.10.5 Qualified Claimants shall be solely responsible for the reporting and payment of their share of any federal, state and/or municipal income or other taxes on payments made pursuant to this Agreement. No Party has made any representation to any of the other Parties as to the taxability of any payments pursuant to this Agreement, including the payments to Class Members, the payments to Class Counsel, the payments to the Class Representative, the payroll tax liability of Defendant, or the allocation of settlement proceeds to wage and non-wage income as provided in Section 6.10.4, or otherwise as to tax implications of any provision of this Agreement.

6.10.6 Defendant will pay the employer's share of payroll taxes only attributable to the portion of the Net Settlement Amount deemed to be wages. Defendant shall not be responsible for payroll tax payments on any other portion of the Gross Settlement Amount or Net Settlement Amount.

6.10.7 Defendant and Defendant's Counsel will not be liable for any errors or omissions in the Settlement Administrator's calculation of each Qualified Claimant's Claim Amount. Defendant and Defendant's Counsel will not be liable with respect to any claims relating to management of the QSF or distribution of the funds from the QSF, the payment of taxes (other than

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          24.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

the employer's share of payroll taxes), the withholding of taxes, or any obligations or losses incurred by any person or any entity in connection therewith.

6.10.8 The Settlement Administrator shall allocate all Claim Amounts to Qualified Claimants as follows:

(a)     Twenty percent (20%) of the Claim Amounts shall be allocated for payment of disputed wages to Qualified Claimants. For this portion of the Claim Amounts, Qualified Claimants shall receive an IRS Form W-2 from the Settlement Administrator.

(b)     Eighty percent (80%) of the Claim Amounts shall be allocated for disputed business expense reimbursement, Labor Code § 226, penalties, including the PAGA Payment, and interest. This portion of the Claim Amounts consists of other income, not wages, for which the Qualified Claimants shall receive an IRS Form 1099 from the Settlement Administrator as and if required by law.

6.10.9 The Class Members receiving all or any portion of any payment hereunder are present or former employees of Defendant.

6.11    Distribution of Settlement Proceeds. Within fourteen (14) calendar days after the Final Judgment is entered, Defendant shall electronically wire the entire Gross Settlement Amount and employer's share of payroll taxes to the Settlement Administrator, who shall deposit it and hold it in trust in the QSF. The final and complete delivery by Defendant to the Settlement Administrator of the Gross Settlement Amount and employer's share of payroll taxes shall constitute full and complete discharge of the entire obligation of Defendant under this Agreement, except that Defendant is also responsible for any retroactive tax increase assessed on the amounts allocated to wages, upon an accounting provided by the Settlement Administrator. No Released Party shall have any further obligation or liability to Class Counsel, Class Representative, or Qualified Claimants.

6.11.1   Within seven (7) calendar days after the Final Approval Date, the Settlement Administrator shall promptly deduct and pay (and, if available, electronically wire) from the Gross Settlement Amount (1) all Court-awarded attorney's fees and costs; (2) the Enhancement Payment; (3) Settlement Administration Costs; and (4) the State of California's portion of the PAGA Payment. Following deduction of the amounts of such payments, the Settlement Administrator shall calculate and make payments to the Qualified Claimants in accordance with this Agreement.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          25.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

(a)     The Settlement Administrator shall wire the Court-approved attorneys' fees and costs to Class Counsel. Class Counsel shall provide the Settlement Administrator with the pertinent taxpayer identification number and wire instructions.

(b)     The Settlement Administrator shall send a check by mail for the Court-approved Enhancement Payment to the Class Representative, in care of Class Counsel.

6.11.2     Within fifteen (15) calendar days of the Final Approval Date, the Settlement Administrator shall issue Claim Amounts to Qualified Claimants in the form of a check, which shall become null and void if not deposited within one hundred eighty (180) calendar days of issuance. After one hundred eighty (180) calendar days of issuance, funds from undeposited checks, plus any interest that has accrued on that sum after being deposited into the QSF, shall be deposited with the State of California pursuant to California's Unclaimed Property Law, Code of Civil Proc. (C.C.P.) §1500 *et seq.*, and specifically as unclaimed intangible property and/or wages within the meaning of C.C.P. §1513 (4) & (7) and subject to distribution pursuant to Court order pursuant to C.C.P. §1519.5.

6.11.3     The failure by a Class Member to claim or deposit any check issued by the Settlement Administrator shall have no effect on that Class Member's release of all Released Claims as set forth herein.

6.11.4     No person shall have any claim against the Settlement Administrator, Defendant or any of the Released Parties, the Class Representative, the Class Members, or Class Counsel based on distribution or payments made substantially in accordance with this Agreement, or further orders of this Court. The Settlement Administrator, however, shall be licensed and bonded in an amount sufficient to cover any claims against it.

6.12     <u>Release of Claims</u>. The Parties agree that it is their intent that the terms set forth in this Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Qualified Claimants as well as all Class Members for purposes of PAGA relief, as explained in Section 1.25, including participation to any extent in any class or collective action, to obtain a recovery based on each and all of the allegations in the operative complaint in this matter, for harms arising during the Class Period.

6.12.1     Upon full and final payment by Defendant of the Gross Settlement Amount consistent with Section 6.11, the Class Representative and each Qualified Claimants as well as all

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE                     26.          CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1    Class Members for purposes of PAGA relief, as explained in Section 1.25, shall be deemed to have

2    fully, finally, and forever released the Released Parties from all Released Claims, as defined in

3    Sections 1.8, 1.34 and 1.35. The Agreement includes a release of all Released Claims by Qualified

4    Claimants, as well as all Class Members for purposes of PAGA relief, as explained in Section 1.25.

5    As of the entry and filing of the Final Judgment, Plaintiff, the Qualified Claimants, as well as all Class

6    Members for purposes of PAGA relief, as explained in Section 1.25, shall be permanently enjoined

7    and forever barred from prosecuting any and all Released Claims against the Released Parties.

8           6.12.2    In addition, upon full and final payment by Defendant of the Gross

9    Settlement Amount, and conditioned upon the Court approving a Class Representative Enhancement

10   Payment in any amount, the Class Representative shall be deemed to have fully, finally, and forever

11   released the Released Parties from the Class Representative's Released Claims, and the Class

12   Representative shall be deemed to have expressly waived and relinquished, to the fullest extent

13   permitted by the law, the provisions, rights, and benefits he may otherwise have had pursuant to

14   Section 1542, as quoted in the preceding paragraph.

     6.13   <u>Miscellaneous Provisions</u>

15          6.13.1    The respective signatories to this Agreement represent that they are fully

16   authorized to enter into this Agreement and bind the respective Parties to its terms and conditions.

17          6.13.2    The Parties represent, covenant, and warrant that they have not directly or

18   indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any

19   person or entity any portion of any liability, claim, demand, action, cause of action, or right released

20   and discharged in this Agreement.

21          6.13.3    Unless otherwise specifically provided herein, all notices, demands, or other

22   communications given hereunder shall be in writing and shall be deemed to have been duly given as

23   of the third business day after mailing by United States certified mail, return receipt requested,

24   addressed as follows:

25          To the Plaintiff and the Class:

26          Shaun Setareh
            William Pao
27          Alexandra McIntosh
            Setareh Law Group
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          27.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

315 S. Beverly Dr., Ste. 315
Beverly Hills, CA 90212

To Defendant:

Keith A. Jacoby
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107

Sophia Behnia
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104

Linda N. Bollinger
Littler Mendelson, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303

Sandra C. Isom
FedEx Freight, Inc.
1715 Aaron Brenner Drive, Ste. 600
Memphis, TN 38120

6.13.4     The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its Counsel participated in the drafting of this Agreement.

6.13.5     The Class Representative, by signing this Agreement, is bound by the terms herein and further agrees not to request to be excluded from the Agreement and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect. Defendant, Class Counsel, and the Class Representative waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this Agreement.

6.13.6     The Parties agree that nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant, and Defendant denies any liability therefore. Each Party has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall not be admissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms or in which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT        28.        CASE NO. 4:17-CV-07272-YGR
AND RELEASE

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1   Defendant is relying upon this Agreement in support of an affirmative defense. To the extent this

2   Agreement is deemed void or the Final Approval Date does not occur or for whatever reason does not

3   result in the final resolution of the Action, Defendant does not waive, and, instead, expressly reserves

4   its rights to challenge all claims and allegations in the Action upon all procedural, factual and legal

5   grounds, as well as asserting any and all other potential defenses or privileges.

6         6.13.7    With the exception of the Excluded Claims, Plaintiff and Class Counsel

7   represent that they do not currently intend to pursue any claims against Defendant, including, but not

8   limited to, any and all claims relating to or arising from Plaintiff's employment with Defendant, and

9   that Class Counsel is not currently aware of any facts or legal theories upon which any claims or causes

10  of action could be brought against Defendant by Plaintiff, excepting those facts or legal theories

11  alleged in the Complaint and the Excluded Claims. The Parties further acknowledge, understand, and

12  agree that this representation is essential to the Agreement and that this Agreement would not have

13  been entered into were it not for this representation.

14        6.13.8    Neither Class Counsel nor any other attorneys acting for, or purporting to act

15  for, the Class, Class Members, or the Class Representative, may recover or seek to recover any

16  amounts for fees, costs, or disbursements from the Released Parties or the settlement except as

17  expressly provided herein.

18        6.13.9    This Agreement, including exhibits, constitutes the full, complete and entire

19  understanding, agreement and arrangement between the Class Representative and Qualified Claimants

20  on the one hand and Defendant on the other hand with respect to the settlement of the Action and

21  Released Claims against Defendant. Except those set forth expressly in the Agreement, there are no

22  other agreements, covenants, promises, representations or arrangements between the Parties with

23  respect to the settlement of the Action and the Released Claims against Defendant.

24        6.13.10   This Agreement may not be changed, altered, or modified, except in writing

25  signed by the Parties hereto and approved by the Court. This Agreement may not be discharged except

26  by performance in accordance with its terms or by a writing used by the Parties hereto. No rights under

27  this Agreement may be waived except in writing.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

29.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

6.13.11   This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, Settlement Administrators, successors, and assigns.

6.13.12   This Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the Parties to the Agreement shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles.

6.13.13   This Agreement shall become effective upon its execution by the Parties. The Class Representative, Class Counsel, Defendant and Defendant's Counsel may execute this Agreement in counterparts and by way of facsimile signature or scanned signature attached to an email, and execution of counterparts shall have the same force and effect as if each signatory had signed the same instrument.

6.13.14   In the event that one or more of the Parties to this Agreement institutes any legal action, arbitration, or other proceeding to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions. Notwithstanding the entry of Final Judgment, the Court shall retain jurisdiction of this matter for purposes of interpreting and enforcing the terms of this Agreement and the Judgment.

6.13.15   Paragraph titles or captions contained in the Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement, or any provision thereof.

6.13.16   Class Counsel will provide an opportunity for Defendant's Counsel to review the Motions for Preliminary and Final Approval prior to filing with the Court, including furnishing any drafts at least seven (7) calendar days before filing.

6.13.17   With respect to all of the documents produced by Defendant in this litigation, Plaintiff's attorneys acknowledge that they continue to be bound by the Parties' Stipulated

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

30.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1  Protective Order and that these documents must be kept confidential and otherwise handled in

2  accordance with the terms of the Protective Order.

3         6.13.18   IRS Circular 230 Disclaimer. Each Party to this Agreement (for purposes of

4  this section, the "acknowledging party" and each Party to this Agreement other than the

5  acknowledging party, an "other party") acknowledges and agrees that:

6         (a) No provision of this Agreement, and no written communication or

7  disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be,

8  nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax

9  advice within the meaning of United States Treasury Department circular 230 (31 CFR part 10, as

10  amended);

11         (b) The acknowledging party (a) has relied exclusively upon his, her or its own,

12  independent legal and tax counsel for advice (including tax advice) in connection with this Agreement;

13  (b) has not entered into this Agreement based upon the recommendation of any other Party or any

14  attorney or advisor to any other Party; (c) is not entitled to rely upon any communication or disclosure

15  by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on the

16  acknowledging party; and

17         (c) no attorney or adviser to any other Party has imposed any limitation that

18  protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether

19  such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or

20  tax structure of any transaction, including any transaction contemplated by this Agreement.

21         IN WITNESS WHEREOF, this Agreement is executed by the Parties and their duly

22  authorized attorneys, as of the day and year herein set forth.

23

24  Dated: 1/28/2020           By: _____

25                              Theodore A. Emetoh

26                              Plaintiff

27

28  Dated: _____       By: _____

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT
AND RELEASE

31.

CASE NO. 4:17-CV-07272-YGR

DocuSign Envelope ID: 09A67551-6A8E-42B1-B680-ACDDCA54449A

1

2          FedEx Freight, Inc.
           Defendant

3

4    APPROVED AS TO FORM AND CONTENT:

5                                    SETAREH LAW GROUP

6

7    Dated: _____      By: _____

8                                    Shaun Setareh
                                     Attorneys for Plaintiff
9

10                                   LITTLER MENDELSON, P.C.

11

12   Dated: _____      By: _____

13                                   Keith A. Jacoby
                                     Attorneys for Defendant
14                                   FedEx Freight, Inc.

15

16   4834-3565-3539.5 057116.1023

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          32.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

1

2   Dated: January 28, 2020                    By: _____
                                                   FedEx Freight, Inc.
3                                                  Defendant

4

5   APPROVED AS TO FORM AND CONTENT:

6                                               SETAREH LAW GROUP

7

8   Dated: 1/28/20                             By: _____
                                                   Shaun Setareh
9                                                  Attorneys for Plaintiff

10

11                                              LITTLER MENDELSON, P.C.

12

13  Dated: January 28, 2020                    By: _____
                                                   Keith A. Jacoby
14                                                 Sophia Behnia
                                                   Linda N. Bollinger
15                                                 Attorneys for Defendant
                                                   FedEx Freight, Inc.
16

17

18

19  4834-3565-3539.5 057116.1023

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

FIRST AMENDED JOINT
STIPULATION OF SETTLEMENT          32.          CASE NO. 4:17-CV-07272-YGR
AND RELEASE

# EXHIBITS TO SETTLEMENT AGREEMENT OMITTED

# EXHIBIT B

Jeff Sell

Ronnie Medina

Norbert Muller

Pascual Gonzalez